UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHANNON LITTLE and GAYLE F. LITTLE, individually, and as husband and wife<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF NAMPA; CHIEF JOE HUFF, Chief of Police of Nampa Police Department; and DETECTIVE ELLOUISE SCOTT, individually and in her official capacity as a law enforcement officer of Nampa Police Department,<br><br>    Defendants. | Case No. 1:24-cv-00258-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are a Motion for Summary Judgment (Dkt. 10), a Motion to Dismiss (Dkt. 11), and a Motion to Set Aside Default (Dkt. 13) filed by Defendants, and a Motion for Default Judgment (Dkt. 16) and a Motion to Strike (Dkt. 23) filed by Plaintiffs Shannon Little and Gayle F. Little (together, the "Littles").

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay,

MEMORANDUM DECISION AND ORDER - 1

and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court GRANTS IN FULL Defendants' Motion to Set Aside Default and GRANTS IN PART and DENIES IN PART the Littles' Motion to Strike. The Court will hold in abeyance Defendants' Motion to Dismiss and Motion for Summary Judgment until the Littles have an opportunity to respond to each. Finally, the Court DENIES the Littles' Motion for Default Judgment.

## II. BACKGROUND

On May 24, 2024, the Littles filed the instant lawsuit. In their Complaint, they allege that Defendants violated of 42 U.S.C. § 1983, the Federal Constitution, and various Idaho tort laws based on Defendants' allegedly inappropriate disclosure of information found during a cellphone search. Dkt. 1. The Littles served summonses on all Defendants on June 3, 2024. Under Rule 12 of the Federal Rules of Civil Procedure, Defendants had until June 24, 2024, to file an answer or otherwise respond to the Complaint. Fed. R. Civ. P. 12(a)(1)(A). Defendants failed to do so. On June 25, 2024, Plaintiffs moved for Entry of Default. Dkt. 7. Consistent with Rule 55, the Clerk of the Court entered default the next day—June 26, 2024. Fed. R. Civ. P. 55(a). The following day, counsel for Defendants entered an appearance and filed all three of Defendants' pending motions. Dkts. 10, 11, & 13.

On July 4, 2024, the Littles moved the Court for default judgment. Dkt. 16. A few weeks later, instead of responding to Defendants' Motions for Summary Judgment and Dismissal, the Littles asked the Court to strike the two motions from the record. Dkt. 23-

1, at 2.[1] The briefing deadlines for all pending motions have now passed and the motions are ripe.

### III. LEGAL STANDARDS

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). Courts have discretion in determining whether the "good cause" standard has been met. *In re Bernal*, 223 B.R. 542, 546 (B.A.P. 9th Cir. 1998), *aff'd* 207 F.3d 595 (9th Cir. 2000); *see also* Wright, Miller, & Kane, *Federal Practice and Procedure* § 2694 (4th ed. 2024). "The different treatment in Rule 55(c) of the default entry and default judgment frees a court considering a motion to set aside a default entry from the restraints of Rule 60(b) and entrusts the determination to the discretion of the court."). In exercising such discretion, courts must consider: (1) whether the defendant's culpable conduct led to default, (2) whether the defendant is without a meritorious defense, and (3) whether setting aside the default entry would prejudice the plaintiff. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

The good cause standard "is disjunctive, such that a finding that any one of these factors is true is sufficient reason for a court to refuse to set aside an entry of default." *Scofield v. Guillard*, 2023 WL 3098412, at *2 (D. Idaho Apr. 26, 2023). However, again, courts maintain discretion in determining whether default is appropriate. Thus, a finding that one of the factors weighs against granting relief from default *may support* but does *not compel* a

---

[1] The Littles also asked the Court to strike Defendants "objection to motion to set aside default," however, no such document was ever filed, and from the remainder of their Motion, it does not appear the Littles are asking the Court to strike Defendants' Motion to Set Aside Default.

court's decision to deny such relief. *See, e.g.*, *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1112 (9th Cir. 2011) ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not."). Finally, in *Mesle*, the Ninth Circuit emphasized that "judgment by default is a drastic step appropriate only in extreme circumstances," and it elaborated that cases should be decided on the merits whenever possible. 615 F.3d at 1091.

## IV. ANALYSIS

The Court will take up each of the requirements from *Mesle* in turn. Next, it will address Plaintiffs' Motion to Strike and Motion for Default Judgment. Then, it will briefly revisit the bond requirement imposed by Idaho Code § 6-610(2).

### A. *Mesle* Requirements

#### 1. Defendants' Culpability

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (cleaned up) (emphasis in original). The requirement of intentional failure means that a defendant "cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith[.]" *Id.* Bad faith in this context generally involves manifesting an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.* (cleaned up). The Ninth Circuit typically reserves findings of culpability under this test for situations where the failure to respond was "devious, deliberate, [or] willful[.]" *Id.* (cleaned up).

Notably, when investigating culpability, the Ninth Circuit has distinguished between parties who are represented by counsel and parties who are representing themselves. *See, e.g.*, *id.* at 1093. In *Mesle*, the Ninth Circuit stated that, where a defendant is legally sophisticated—i.e. represented by counsel—a reviewing court may, in its discretion, assume intentionality. *Id.* But such an assumption is not required. *See Idaho Golf Partners, Inc. v. Timberstone Mgmt. LLC*, 2015 WL 1481396, at *4 (D. Idaho 2015) ("[The district court] retains the discretion (but not the obligation) to infer intentionality from the actions of a legally sophisticated party and to thereby find culpability.").

Here, Defendants assert that their untimely filings were the product of a simple calendaring mistake. Dkt. 13-1, at 3. In support of this assertion, Defendants note that they filed two substantive motions simultaneously with their Motion to Set Aside Entry of Default. *Id.* Defendants argue these filings support an inference that they were planning on responding and were late only because of the calendaring issue. *Id.* Defendants' point is well-taken. Despite their delayed engagement, Defendants appear ready and willing to litigate this case, and the Court has no reason to assume that their failure to respond was an act of bad faith. They have gained no advantage from their three-day delay, nor have they manipulated the legal process or interfered with judicial decisionmaking. Accordingly, the Court is content to allow them to proceed under the expectation that they will meet future deadlines.

Plaintiffs, seemingly, do not share the Court's understanding. They argue vehemently that Defendants' three-day delay is somehow indicative of sinister intent or gamesmanship. *See generally* Dkt. 18. They claim that Defendants' apparent plan to file

on the final day of their deadline "is evidence of bad faith and culpable conduct." *Id.* at 9. But parties regularly utilize all their allotted time before filing. Without more evidence of malintent, the Court will not infer bad faith. Further, Plaintiffs' calls for rigid adherence to the filing deadlines ring somewhat hollow when one considers the fact that the Court has already indulged Plaintiffs' own procedural missteps in this relatively young case. *See* Dkt. 17.

Although Defendants are represented by counsel, considering the shortness of the delay and the benign explanation therefor, the Court declines to classify Defendants' untimely answer as intentional. Accordingly, this factor supports a setting aside of the Court's entry of default.

### 2. Defendants' Meritorious Defense

The Ninth Circuit has described the burden of showing a meritorious defense as "minimal." *Mesle*, 615 F.3d at 1094. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense . . . ." *Id.* In their Motion for Summary Judgment and their Motion to Dismiss, Defendants contend that Plaintiffs lack standing, improperly asserted constitutional violations in the collective, failed to state a due process claim, fourth amendment claim, or first amendment claim, and failed to comply with the requirements of the Idaho Tort Claims Act. *See generally* Dkts. 10 & 11.   The Court finds these arguments to constitute meritorious defenses.

Plaintiffs contend that that the Court is barred from considering the Motion for Summary Judgment and Motion to Dismiss because they were filed after the Clerk of Court

entered default. It is true that once the Clerk enters default, "the only procedure available to the defendant is to file a motion to set aside the default . . . ." Schwarzer, Tashima, and Wagstaffe, *Federal Civil Procedure Before Trial* § 6:43 (Rutter Group 2021). Other filings should be stricken. *Id.* However, district courts have often considered premature filings—like the two motions here—for purposes of determining whether a defendant has presented a meritorious defense. *See Rozich v. MTC Fin. Inc.*, 2-24 WL 1344458, at *4–5 (D. Ariz. Mar. 29, 2024); *Scofield v. Guillard*, 2023 WL 3098412, at *4 n.4 (D. Idaho Apr. 26, 2023); *Brooks v. Fast Park and Relax*, 2022 WL 954845, at *3 (D. Ariz. Mar. 20, 2022).

The Court acknowledges that in *Rozich*, *Scofield*, and *Brooks*, the untimely filings were *attached* to the defendants' motions to set aside default, whereas here, they were filed *separately*. However, to refuse to consider the two motions for purposes of evaluating whether Defendants possess a meritorious defense simply because they were not attached to the Motion to Set Aside Default would elevate form over substance at a stage in the case where the Ninth Circuit has instructed courts to resolve doubt in favor of reaching the merits. *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355(9th Cir. 1974). The two untimely motions were filed on the same day as the Motion to Set Aside Default and may reasonably be referenced in support thereto. Accordingly, the Court finds that Defendants have established a meritorious defense.[2]

---

[2] Even if the Court were to embrace Plaintiffs' more-technical approach and find that, because the two untimely motions were filed separately from Defendants' Motion to Set Aside Default, they should not be considered, the Court could still, in its discretion, grant Defendants' Motion. *See Brandt*, 653 F.3d at 1112 (stating that a court need not refuse to set aside default even where it finds that one of the good-cause factors weighs against doing so).

### 3. Prejudice to Plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).[3] Instead, Courts must look to whether the delay has hindered the plaintiff's ability to pursue his or her claim. *Id.* Here, Defendants filed a mere three days after their deadline passed. The Court is confident that such a meager delay has not hindered Plaintiffs' ability to pursue their claims. Plaintiffs assert baldly that setting aside default would prejudice them "because Defendants have deliberately made no attempt to defend this lawsuit." Dkt. 18, at 11. This argument is (1) untrue, considering the instant motions, and (2) better directed at Defendants' culpability. In sum, setting aside the Clerk's entry of default will not prejudice Plaintiffs.

### 4. Conclusion

Defendants have shown that they were not culpable for their late filing, that they have meritorious defenses, and that plaintiffs will not be prejudiced if the Court sets aside the entry of default. Accordingly, the Court finds good cause to set aside the entry of default.

## B. Plaintiffs Motion to Strike and Motion for Default Judgment

Plaintiffs ask the Court to strike from the record Defendants' Motion for Summary

---

[3] The Court in *TCI* elaborated, "It should be obvious why merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment. For had there been no default, the plaintiff would . . . have had to litigate the merits of the case, incurring the costs of doing so." *Id.* It went on to say, "A default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation." *Id.*

Judgment and Motion to Dismiss. Dkt. 23. As already explained, they argue that the motions were improperly filed after entry of default. It is likely for this reason that Plaintiffs did not respond to the motions.

Having already found good cause to set aside the Clerk's entry of default and to allow the case to move forward, the Court is presented with two options. Technically, the Court could strike the motions and require Defendants to refile them once the entry of default has been set aside. *See* Schwarzer, Tashima, and Wagstaffe, *Federal Civil Procedure Before Trial* § 6:43 (Rutter Group 2021) ("Defendant fails to answer or otherwise respond within the requisite time period. Plaintiff requests entry of default and entry is made. Defendant then seeks to file an answer . . . . The court will not accept the answer for filing. Should the clerk do so, the court will order it stricken."). Plaintiffs would then have a chance to respond, and Defendants to reply. But this exercise would be duplicative, as Defendants have already filed their motions, untimely as they may be.

Alternatively, pursuant to the Court's inherent power to control its docket, it could hold the two motions in abeyance and grant Plaintiffs opportunity respond to them under a typical briefing schedule. *See, e.g.*, *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1991). This would save Defendants from redundant filing requirements, while at the same time resolving Plaintiffs' concerns that they have been deprived of an opportunity to respond to the two motions. In the interest of "secur[ing] the just, speedy, and inexpensive" resolution of this case, the Court opts for this latter approach. Fed. R. Civ. P. 1. Thus, Plaintiffs' Motion to Strike is GRANTED to the extent that briefing on the two motions will be reopened. It is DENIED to the extent that the

Court will not remove the motions from the record.

Turning now to Plaintiffs' Motion for Default Judgment, as noted above, default judgment is appropriate only in "extreme circumstances." *Mesle*, 615 F.3d at 1091. The circumstances here are anything but extreme. Defendants were a few days late in appearing and responding to Plaintiffs' Complaint. This case can still be fairly decided on the merits. Accordingly, the Court DENIES Plaintiffs' Motion for Default Judgment.

### C. Bond Requirement

Prior to initiating a lawsuit against a law enforcement officer, Idaho Code Section 6-610(2) requires a plaintiff to post a bond. The purpose of the bond is two-fold: it ensures diligent prosecution by the plaintiff, and it can reimburse the fees and costs of the law enforcement officer should the plaintiff lose. *Id.* As noted in the Court's prior order, the statute does not set an amount for the bond. Dkt. 17, at 2. Instead, Courts usually tailor the bond amount to the particular circumstances of the plaintiff. *See, e.g.*, *Yantis v. Adams Cnty., Idaho*, 2017 WL 4682966 (D. Idaho Oct. 17, 2017); *Rehms v. City of Post Falls*, 2022 WL 2069113 (D. Idaho May 5, 2022); *Clements v. Pocatello Police Dep't*, 2023 WL 2354894 (D. Idaho Mar. 2, 2023).

In its prior order, the Court stated that it would set a bond, but it granted Plaintiffs an opportunity to apprise the Court of their financial circumstances to allow the Court to appropriately tailor their bond. Dkt. 17, at 3. Plaintiffs have now done so. *See* Dkt. 19. Having considered Plaintiffs financial resources, the Court finds that a bond in the amount of $1,000 is sufficient to serve the purposes outlined by the statute. Plaintiffs shall pay such amount to the Clerk of Court within seven (7) days from the issuance of this Order.

## V. CONCLUSION

Because Defendants have shown good cause, the Court grants their Motion to Set Aside Default. In the interest of avoiding duplicative work from the Court or the parties, the Court will not strike from the record Defendants' Motion for Summary Judgment or Motion to Dismiss. It will, however, hold those motions in abeyance until Plaintiffs can respond to them, and Defendants can reply. Because this course is partially consistent with Plaintiffs' Motion to Strike, that motion is granted in part and denied in part. Finally, because the circumstances surrounding Defendants' delay are rather ordinary, and not extreme, the Court denies Plaintiffs' Motion for Default Judgment.

A caution: this case was filed less than six months ago. In that time, both parties have misunderstood and misapplied procedural rules. Thus far, the Court has been permissive in the interest of steering this case toward a resolution on the merits. However, moving forward, the Court expects the parties to be more conscientious about following the rules. Otherwise, the parties will find that the Court's leniency is not inexhaustible.

## VI. ORDER

1. Defendants' Motion to Set Aside Default (Dkt. 13) is GRANTED.

2. Plaintiffs shall have twenty-one (21) days from the issuance of this Order to respond to Defendants' Motion for Summary Judgment (Dkt. 10) and Motion to Dismiss (Dkt. 11). Thereafter, Defendants shall have fourteen (14) days to reply.

3. Plaintiffs' Motion to Strike (Dkt. 23) is GRANTED IN PART and DENIED IN PART as outlined herein.

4. Plaintiffs' Motion for Default Judgment (Dkt. 16) is DENIED.

5. Plaintiffs shall secure and post a bond in the sum of $1,000.00 pursuant to Idaho

   Code § 6-610 within seven (7) days from the issuance of this Order.

DATED: August 29, 2024

David C. Nye
Chief U.S. District Court Judge