UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHANNON LITTLE and GAYLE F. LITTLE, individually and as husband and wife,<br><br>                    Plaintiffs,<br><br>v.<br><br>CITY OF NAMPA, CHIEF JOE HUFF, Chief of Police of Nampa Police Department, and DETECTIVE ELLOUISE SCOTT, individually and in her official capacity as a law enforcement officer of Nampa Police Department,<br><br>                    Defendants. | Case No. 1:24-cv-00258-DCN<br><br>**MEMORANDUM DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

The Court has before it a motion for summary judgment filed by the City of Nampa, Chief Joe Huff, and Detective Ellouise Scott ("the defendants").[1] The motion is fully briefed and at issue. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. Rule 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court GRANTS defendants' motion for summary judgment and dismisses

---

[1] There is also a Motion to Dismiss pending. It will be addressed in a separate decision.

MEMORANDUM DECISION AND ORDER - 1

all State law claims.

## II. BACKGROUND

Plaintiff Gayle Little[2] claims that defendant Scott, a law enforcement officer with the Nampa Police Department, violated her privacy by improperly providing information to the Idaho Health and Welfare Foster System (IDHWF) that caused her to lose her license and employment as a foster parent. Plaintiff brought federal claims of violation of due process, unreasonable search and seizures, and right to free speech. She also brought state claims of defamation, negligence, and negligent infliction of emotional distress. Defendants filed a motion for summary judgment as to the state claims. *See,* Dkt. 10-1, at 4. Defendants argue that Plaintiffs failed to timely file a Notice of Tort Claim under the Idaho Tort Claims Act.

Little received notice from IDHWF on April 12, 2023, that her license was revoked. Dkt. 1, at 24–27. She claims that Defendants' tortious conduct caused the revocation of her license. Dkt. 1, Counts III, IV, and V. So, Defendants argue that April 12, 2023, is the date of the incident. Dkt. 10-1, at 3. Plaintiffs do not dispute this.

The Complaint contains an allegation that "Plaintiffs timely presented a Notice of Idaho Tort Claim to the appropriate authority of each Defendant on July 23, 2023". *See* Dkt. 1, at 2. In the same paragraph, it contains the legal conclusion that "this Notice was sufficient in all respects to preserve the Plaintiffs' rights to assert claims against the Defendants under the law of the State of Idaho". *Id.* There is no Notice of Idaho Tort Claim

---

[2] The Plaintiffs are husband and wife. However, there are no facts in the Complaint alleging that Defendants violated Shannon Little's rights or committed any tort as to him. Therefore, all references to Little will be to Gayle Little.

attached to the Complaint or anywhere else in the record.

Defendants claim that the City of Nampa did not receive a Notice of Tort Claim from Plaintiffs. Dkt. 10-2. Plaintiffs responded by filing a Declaration of Counsel stating he filed a Notice of Tort Claim on September 12, 2023, not on July 27, 2023, as stated in the Complaint. Dkt. 30-1. The attorney attached to his Declaration a copy of an email he sent to his clients dated September 12, 2023, stating he "just filed the notice on the city of Nampa today." Dkt. 30-1, at 6. Defendants object to Plaintiffs' attorney testifying in his own affidavit. They further argue that the email attached to the Declaration of Counsel merely shows that counsel told Plaintiffs he had filed the notice, not that he actually filed it.

### III. LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of summary judgment "is to isolate and dispose of factually unsupported claims...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). There must be a genuine dispute as to any *material* fact—a fact "that may affect the outcome of

the case." *Id.* at 248.

> The Ninth Circuit has found that in order to resist a motion for summary judgment: [T]he non-moving party (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*British Motor Car Distributors, Ltd. v. San Francisco Automotive Indus. Welfare Fund,* 882 F.2d 371, 374 (9th Cir. 1989).

### IV. ANALYSIS

Before bringing their State tort claims against the Defendants, the Plaintiffs were required by law to file a Notice of Tort Claim within 180 days from the date the claim arose or reasonably should have been discovered, whichever is later. IDAHO CODE § 6-906. A failure to comply with this deadline bars a subsequent lawsuit based on those claims. *Dodge v. Bonners Ferry Police Department,* 450 P.3d 298, 303 (Idaho 2019).

The date when a cause of action accrues is a question of law to be determined by the Court where no disputed issues of material fact exist. *Alpine Village Co. v. City of McCall*, 303 P.3d 617, 622 (Idaho 2013). The statutory period for filing a Tort Claim under the Idaho Tort Claim Act (ITCA) begins to run from the occurrence of the wrongful act, even if the full extent of damages is not known at that time. *Mitchell v. Bingham Mem'l Hosp.,* 943 P.2d 544, 547 (Idaho 1997). Here, there is no dispute that the occurrence of the wrongful act happened prior to April 12, 2023. So, the Court will use that date to determine whether the Littles timely filed a Tort Claim Notice. That means Plaintiffs had until October 12, 2023, to file their Notice of Tort Claim with the City of Nampa.

Idaho Code section 6-906 provides that for claims for damages against a political subdivision or its employees, notice must be filed with the clerk of the subdivision:

> All claims against a political subdivision arising under the provisions of this act and all claims against an employee of a political subdivision for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

IDAHO CODE § 6-906.

Plaintiffs do not dispute the notice requirement applies to their state law claims. They also do not dispute that their claim accrued on April 12, 2023. The only question is whether Plaintiffs satisfied the statutory notice requirement.

"Compliance with the Idaho Torts Claims Act's notice requirement is a mandatory condition precedent to bringing suit, the failure of which is fatal to a claim, no matter how legitimate....". *Cobbley v. City of Challis,* 59 P.3d 959, 962 (2002)(cleaned up). Thus, to properly pursue a tort action against a governmental entity in Idaho, before filing a claim in district court, plaintiffs must first notify the entity of the claim within 180 days of when the injury occurred or reasonably should have been discovered. *Dodge v. Bonners Ferry Police Department,* 450 P.3d 298 (Idaho 2019).

Defendants submitted a sworn declaration from the city clerk stating that no written notice exists in her files or any city files. This required the Plaintiffs to put on admissible evidence that a written notice had been properly filed. Plaintiffs cannot simply rely on unsupported allegations in the Complaint. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S 574, 586 fn. 11 (1986). After all, Rule 56(e) of the Federal Rules of

MEMORANDUM DECISION AND ORDER - 5

Civil Procedure states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Here, the only "evidence" that the Plaintiffs notified the officers or the City that they intended to pursue their claims prior to filing their Complaint is their attorney's declaration stating that he did so. That is, attorney Williams says he provided notice to the City of Nampa using the city's own form, and he told his clients that he had done so. There is no completed form in the court's record, and defendants deny ever receiving a written form.

This situation is very similar to a case recently decided by the Idaho Supreme Court. In *Ware v. City of Kendrick,* 487 P.3d 730 (Idaho 2021), plaintiff's counsel filed a declaration contending that plaintiff told him that he hand-delivered a notice of tort claim to the city clerk within six months of the accrual of his action.[3] The trial court held as a threshold matter that the attorney's declaration was hearsay and inadmissible. Plaintiff then argued that sufficient legal notice was an element of the case, and that if there was a dispute of facts as to whether notice was given in a timely manner, the issue should be decided by the jury. The trial court ruled there was no admissible evidence to raise a dispute as to whether notice was given in a timely manner and granted summary judgment to the City. On appeal, the Idaho Supreme Court ruled that the trial court acted within its discretion to rule the attorney's declaration was inadmissible hearsay and to not consider it for purposes

---

[3] The parties agreed that the action accrued when a water main broke, flooding plaintiff's property.

of summary judgment. The Supreme Court affirmed the summary judgment.

Here, the only admissible evidence in the record relating to Plaintiffs' compliance with the ITCA notice requirements is the declaration from the City Clerk that no written notice was ever filed. Thus, the defendants have met their burden of showing an absence of a genuine issue of material fact with respect to Plaintiffs' compliance with the ITCA. Conversely, the Plaintiffs have been unable to identify admissible facts in this record to establish that a genuine issue of material facts exists. The attorney's declaration is inadmissible hearsay and will not be considered for purposes of summary judgment.

The Court acknowledges that this attorney declaration differs from the attorney declaration in *Ware* in that the attorney in *Ware* used his declaration to tell the Court what his client told him, which is classic hearsay. Here, the attorney declaration is an attempt to tell the Court what the attorney did, which still qualifies as hearsay. A "statement" is a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion. Fed. R. Evid. 801(a). Filing a claim is a nonverbal assertion done out of court that is now being offered in evidence to prove that it did happen. The problem is that the attorney cannot testify in court[4], making his declaration inadmissible hearsay. There is no admissible evidence that Plaintiffs filed a Notice of Tort Claim with the Defendants. The state law claims must be dismissed.

## V. CONCLUSION

There are no disputed issues of material fact on this limited motion for summary

---

[4] *U.S. v. Prantil,* 764 F.2d 548, 552–53 (9th Cir. 1985); *Cookie Department, Inc. v. Hershey Company,* 2022 WL 4282100 n.5 (N.D. Cal. 2022); *Lucas v. Breg, Inc.*, 2015 WL 1843028 (S.D. Cal. 2015)(attorney's declaration struck from the record.); *Green v. Baca,* 2005 WL 283361 (C.D. Cal. 2005).

judgment. The motion is limited to the state law claims of defamation, negligence, and negligent infliction of emotional distress in Plaintiffs' Complaint. As a matter of law, Plaintiffs failed to timely file a Notice of Tort Claim. Thus, the Court will grant the motion for summary judgment. The Court will issue a separate judgment as required by Rule 58(a).

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (Dkt. 10) is **GRANTED**.

DATED: May 14, 2025

_____
David C. Nye
Chief U.S. District Court Judge