UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHANNON LITTLE and GAYLE F. LITTLE, individually and as husband and wife,<br><br>                      Plaintiffs,<br><br>v.<br><br>CITY OF NAMPA, CHIEF JOE HUFF, Chief of Police of Nampa Police Department, and DETECTIVE ELLOUISE SCOTT, individually and in her official capacity as a law enforcement officer of Nampa Police Department,<br><br>                      Defendants. | Case No. 1:24-cv-00258-DCN<br><br>**MEMORANDUM DECISION AND ORDER ON MOTION FOR 12(b)(6) DISMISSAL OF FEDERAL CLAIMS** |

## I. INTRODUCTION

The Court has before it a Motion to Dismiss filed by the City of Nampa, Chief Joe Huff, and Detective Ellouise Scott ("the Defendants"). The motion is fully briefed and at issue. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. cordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. Rule 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss (Dkt. 11) the federal claims.

## II. BACKGROUND

Plaintiff Gayle Little claims that Defendant Scott, a law enforcement officer with the Nampa Police Department, violated her privacy by improperly providing information to the Idaho Health and Welfare Foster System (IDHWF) that caused her to lose her license and employment as a foster parent. Plaintiff brought federal claims of violation of due process, unreasonable search and seizures, and right to free speech.[1]

The information came from Scott's review of the contents of Little's cell phone, which Little had voluntarily given to the Nampa Police Department for review of messages between Little and another party. *See* Complaint, Dkt 1, at ¶ 15. Detective Koho, a digital forensics investigator, extracted messages off Little's cell phone and provided them or a report of them to Scott for review. Dkt. 1, at ¶ ¶ 16 &17. Scott then contacted IDHWF to report child abuse concerns involving Little and foster children. Scott also gave IDHWF copies and/or original screenshots from Little's phone of conversations with friends and her brother.

On April 12, 2023, IDHWF informed Little that her foster care license was revoked. Dkt. 1, at ¶ 24.

## III. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). To sufficiently state a claim for relief and survive a

---

[1] Defendants were granted summary judgment on all State law claims because Little failed to file a Notice of Tort Claim as required by State law.

12(b)(6) motion, the pleading "does not need detailed factual allegations;" however, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but does require more than a sheer possibility that a defendant acted unlawfully. *Id.*

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court identified two "working principles" that underlie *Twombly.* First, although a court must accept as true all factual allegations in a complaint when ruling on a motion to dismiss, the court need not accept unreasonable inferences or legal conclusions as true. *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. Second, only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id.* at 679.

In light of *Twombly* and *Iqbal*, the Ninth Circuit has summarized the governing standard as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Apart from factual insufficiency, a complaint is also subject to

dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), or where the allegations on their face show that relief is barred for a legal reason. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## IV. ANALYSIS

In responding to the Motion to Dismiss, Plaintiffs agree that Plaintiff Shannon Little does not have standing pursuant to the claims in Plaintiffs' Complaint and ask that Shannon be dismissed as a Plaintiff. Dkt. 29. Therefore, Shannon Little is dismissed from this case.

As to Gayle Little, Defendants argue that Plaintiff lumped all Defendants together without differentiating among them, which is a failure to adequately state a claim. Additionally, Defendants argue that no clearly established right to privacy exists in the context of phone information contained on a cell phone voluntarily given to the police, and no clearly established violation occurred when police gave that information to licensing authorities. According to Defendants, this also is a failure to adequately state a claim.

Plaintiff argues that, "While inartfully articulated, Plaintiff's complaint plausibly alleges that the City of Nampa and Chief Joe Huff failed to properly train or supervise Scott." Dkt. 29. Plaintiff further argues that the Complaint adequately addresses both procedural and substantive due process.

The Court will address the argument regarding the compounding of claims against all defendants, followed by the claims against the City and Sheriff, and then the claims against Scott. The Court will then end with Plaintiff's request to amend her Complaint.

A. <u>Assertion of Constitutional Violations in the Collective</u>.

The rule of law in this type of case makes it clear that collective assertions are not

allowed. For example, in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), the Supreme Court stated, "implied causes of action are disfavored." *Id.* at 676. Even more strongly, the Court stated, "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676.

A careful review of the Complaint shows that Little alleges Detective Koho extracted information from a cell phone Little gave to Nampa Police. Investigator Scott then reviewed that information and contacted IDHWF to report child abuse concerns. Little further alleges that Scott told IDHWF Little was using drugs in her home with children present. Finally, Little claims that Scott stated she reported the information to IDHWF as part of a normal investigatory process and as a mandatory reporter under the law.

The "Facts" portion of the Complaint does not mention the City of Nampa or Chief Joe Huff. In fact, the Complaint claims Scott acted on her own and not on any authority by a supervisor.

There is no respondeat superior liability under 42 U.S.C. § 1983. *Olson v. County of Grant,* 127 F.4th 1193, 1197 (9th Cir. 2025). Third parties, such as the City of Nampa and Chief Huff, may only be liable for the constitutional violations of others under § 1983 if they are a supervisor, and (1) they were personally involved in the constitutional deprivation, or (2) a sufficient causal connection exists between the supervisor's wrongful conduct and the constitutional violation. *Id.* There is no allegation in the Complaint that any one from the City or Chief Huff viewed the contents of the cell phone, knew the extracts were made, or knew the IDHWF was contacted. This Court will not impose

supervisory liability for a constitutional violation under this lack of facts. The Motion to Dismiss the City of Nampa and Chief Joe Huff is granted.

B. Qualified Immunity as to Scott.

Whether Little's claims are based on legal theories under the Fourth or Fourteenth Amendments for the right to be free from unreasonable searches and seizures, the right to due process, or any other right, Scott has a defense to these claims under the doctrine of qualified immunity unless Little can properly allege (1) a violation of a constitutional right; and (2) that the right was clearly established at the time of the alleged misconduct. *See Pearson v. Callahan,* 555 U.S. 223, 231–32 (2009). Qualified immunity balances the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Id.* The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact. *Id.*

Generally, it is a violation of the Fourth Amendment for law enforcement to search a cell phone without a warrant. *Olson,* at 1198–99. Of course, the owner of that cell phone can give consent to a search. *Id.* The Ninth Circuit determines the scope of consent by asking "what would a typical reasonable person have understood by the exchange between the officer and the suspect?" *Id.* at 1199. But to get to that question, the Court must, on a Rule 12(b)(6) motion, determine if the facts Plaintiff alleged make out a proper claim of no consent.[2] To put it another way, a Court may not dismiss a complaint on a Rule 12(b)(6)

---

[2] Generally, an individual has no privacy interest in that which he voluntarily reveals to a government agent. This is known as the invited informed doctrine. *Fazaga v. FBI,* 916 F.3d 1202 (9th Cir. 2019).

motion on asserted qualified immunity unless the Court can determine, based upon the complaint itself, that qualified immunity applies. *Williams v. County,* 2016 WL 4745179, at *5 (D. Or. 2016), quoting *O'Brien v. Welty,* 818 F.3d 920, 936 (9th Cir. 2016).

Here, the Complaint alleges that Little "volunteered" her cell phone to the Nampa Police Department for data extraction on messages between her and another party. It then alleges that a digital forensics investigator completed the extraction and compiled a report. That report went to Scott to review. Scott then contacted IDHWF because of concerns she had regarding the contents of the report.

Little cannot volunteer information to the Nampa Police Department and then cry foul when an officer reports that information to IDHWF. The Complaint fails to assert an expectation of privacy or other constitutional right that would overcome qualified immunity.  The motion to dismiss Detective Scott is granted.

C.  Option to Amend Complaint.

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). The Ninth Circuit has held that, when dismissing for failure to state a claim, a district court should grant leave to amend even if a request to amend the pleading has not been made, "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). This standard should be "applied with extreme liberality," *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). Therefore, this dismissal is without prejudice. Plaintiff has 21 days to file an Amended Complaint that

properly states a claim against the named Defendants.[3]

## V. CONCLUSION

Shannon Little has agreed to dismissal of this case as against him. It is dismissed with prejudice as to him. The Court will also grant the defendants' motion to dismiss the Complaint, pursuant to Fed. Rul. Civ. Pro. 12(b)(6), as to Gayle Little for the reasons stated above. It is dismissed without prejudice as to Gayle Little.

## ORDER

1. Defendants' City of Nampa, Chief Joe Huff, and Detective Ellouise Scott's Motion to Dismiss (Dkt. 11) is GRANTED.

    a. Plaintiff Shannon Little is DISMISSED with PREJUDICE.

    b. Plaintiff Gayle Little's federal claims are DISMISSED without PREJUDICE.

        i. Gayle Little has twenty-one (21) days from the date of this Order to file an Amended Complaint. Failure to do so will result in dismissal of this case with prejudice.

DATED: May 30, 2025



David C. Nye
Chief U.S. District Court Judge

---

[3] This opportunity to amend does not allow Plaintiff to name new defendants against whom the statute of limitations has run, at least without subjecting that portion of the Amended Complaint to dismissal because of the statute of limitations.